Maureen BURKE, et al., and Mary Ann Banks, Plaintiffs-Appellants,

v.

CIVIL SERVICE COMMISSION OF the CITY OF ST. LOUIS, Defendant-Respondent.

No. 46654.

Missouri Court of Appeals,
Eastern District,
Division Two.

Jan. 24, 1984.

Charles W. Bobinette, St. Louis, for plaintiffs-appellants.

Robert H. Dierker, Jr., Associate City Counselor, St. Louis, for defendant-respondent.

PUDLOWSKI, Judge.

Appellants, four City of St. Louis employees, brought this action to contest their

layoffs by the city. The trial court affirmed the decision of the Civil Service Commission of the City of St. Louis, which upheld the layoffs. Appellants claim the trial court erred in denying their petitions for administrative review or, in the alternative, their petitions for writs of *certiorari.* We reverse.

The appellants, Maureen Burke, William Donovan and Violet Walker, were permanent civil service employees assigned to the St. Louis city courts. Burke had worked for the city in various capacities since 1970. She was assigned to the St. Louis city courts December 23, 1975. Burke was promoted to a clerk II classification in April 1980. She was approved for a two-step increase in October 1980 and was evaluated as a superior employee in December 1980. Burke had seniority over 24 of the 69 employees classified as clerk II's city-wide.

Donovan had worked as a clerk I and as a clerk II for the city since 1966. He was promoted to a clerk II for the city courts in July 1978. Donovan was promoted to a clerk IV in April 1980. He took a voluntary demotion to a clerk III in October 1980, and to a clerk II in April 1981. During his city service, he received evaluations of superior and good. He received a two-step salary increase in July 1979. Donovan had seniority over 41 of the 69 persons classified as clerk II's in city service and had seniority over at least one other person in his department.

Walker had worked for the city since 1966. She was promoted to a clerical aid position in the city courts in 1978. She was rated as a good employee, and in 1979 was rated superior in one category. She had seniority over 13 of the 18 clerical aids employed by the city.

Mary Ann Banks began working for the city in 1966, and after a few leaves from service, was working as a Deputy Marshal I in 1981. She was evaluated as a good employee in March 1981 and had seniority over seven other Deputy Marshal I's.

Venetta Barbaglia was named appointing authority for the Municipal Courts of the City of St. Louis April 25, 1981. Two days later, she met with Mayor Vincent Schoemehl. The mayor told Barbaglia her budget was being cut and told her which employees to eliminate from which job classifications. About three hours later, Barbaglia told appellants Burke, Donovan and Walker they were being discharged effective immediately.

Mary Ann Banks was told April 27, 1981 she was being discharged and should leave work immediately. In April and May 1981, 517 civil service employees were laid off by the city.

Notices of the layoffs were sent by mail to the appellants after their discharges. Burke and Walker received written notices of their layoffs May 18. Donovan received his notice June 3. On May 19, Banks received her notice, but the notice did not certify the reason for the layoff or state that the action did not reflect discredit on her as an employee.

The appellants filed timely appeals of their discharges with the respondent Civil Service Commission. The appellants requested hearings on the discharges and requested reinstatement or transfer to a different department and back pay.

On September 10, 1981, William Duffe announced the commission's procedure for handling the appellants' cases. The procedure, over the objection of the appellants, required them to prepare a written complaint supported by facts and under oath. Despite their objections, the appellants complied. The appointing authorities assigned to appellants' former departments filed unverified responses to appellants' complaints.

The Civil Service Commission did not conduct evidentiary hearings. The commission entered its decision and findings of fact and conclusions of law on the appellants' cases.

In each of the appeals, the commission found (1) the appellants were informed April 27, 1981 they were laid off from city service because of the lack of available funds; (2) appellants did not receive the five days notice provided to other employees who were laid off; (3) sufficient funds

were not available to continue appellants in their positions and (4) appellants were laid off in accordance with Civil Service Rule IX and Department of Personnel Administrative Regulation Number 92. The commission approved and upheld the layoffs of appellants but modified the order by awarding each appellant five days pay.

The appellants filed a two-count petition in the Circuit Court of the City of St. Louis. Count I requested judicial review of the Civil Service Commission's findings of fact, conclusions of law and decision. Count II was, in the alternative, a petition for writ of *certiorari*. The petitions were consolidated and presented to the court for decision on Count I. The trial court affirmed the order of the Civil Service Commission and entered a judgment November 15, 1982.

This appeal follows. Appellants claim the trial court erred in denying their petitions for administrative review because 1) the Civil Service Commission's refusal to grant appellants an evidentiary hearing was in violation of due process of law as guaranteed by Article XVIII of the Charter of the City of St. Louis, Civil Service Commission rules and regulations and the fifth and fourteenth amendments to the United States Constitution; 2) in denying administrative review in that the commission placed the burden of proof on the appellants in violation of due process; 3) in denying administrative review in that the Civil Service Commission decision was not supported by substantial and competent evidence and was in violation of City Personnel Department Administrative Regulation 92, Civil Service Rule IX and the due process clauses and 4) in denying the petition for writ of *certiorari* without conducting an evidentiary hearing.

We first address appellants' third point. Appellants claim the commission's decision was not supported by substantial evidence because the record clearly established appellants were not served with timely and adequate notice of their discharges.

The commission found appellants had not received the five days notice provided to other employees who were laid off.

The commission awarded the appellants five days of pay to compensate for the lack of notice. The commission, however, found the city had complied with Civil Service Rule IX and Regulation 92.

Rule IX(2) states:

... In every case of layoff, the appointing authority shall give written notice of his or her action to the Director and the employee and shall certify therein that the layoff is for reasons not reflecting discredit on the employee. In cases where the appointing authority refuses or fails to so certify, the action shall be deemed a dismissal and shall be so treated.

Civil Service Rule IX also requires certification of the reason for the layoff and states "An employee being laid off should, whenever possible, be given ten days notice before his last day on the payroll."

We do not find the Civil Service Commission's decision to be supported by substantial and competent evidence. The evidence before the commission established appellants were advised verbally they were discharged effective immediately. Appellants Banks, Burke and Walker did not receive written notices of their layoffs until three weeks later. Donovan's notice arrived more than a month later. This procedure clearly did not comply with the ten day notice required by Civil Service Rule IX. It also does not meet the requirement of notice in Regulation 92. The plain meaning of the regulation leads us to conclude "written notice" means advance written notice. None of the notices described the manner in which the decision to lay off the particular employee was reached or gave the information on which the decision makers had relied. In addition, the notice mailed to Banks did not certify the reason for her layoff or state that the layoff did not reflect discredit on her as an employee. The lack of certification is in clear violation of both Regulation 92 and Rule IX.

The commission's finding that the layoffs complied with Regulation 92 and Rule IX was not supported by substantial evidence.

Its finding that appellants were not given the five days notice given other employees being laid off at the same time and the award of five days of back pay to appellants does not remedy the violations of Regulation 92 and Rule IX.

Another violation of Regulation 92 concerns the failure of the city personnel department to receive a proposed list of the number and classification of the positions being eliminated. The department did not review the layoffs before the appellants were discharged.

In addition, we note there was evidence appellants Donovan and Banks had greater seniority than other employees with the same classifications in their departments. Regulation 92 provides employees with a certain classification within a department will be laid off according to their last civil service ratings and seniority. Donovan had received ratings of superior and good and Banks had been rated as a good employee. The commission's finding of compliance with Regulation 92 in this respect also is not supported by substantial evidence.

We need not address appellants' other claims of error as appellants' third claim of error is dispositive of this appeal. We, therefore, reverse and order that appellants be awarded back pay from the day of their layoffs to the date of reinstatement. Walker is the only appellant who has not been reinstated by the city. We order her reinstated to her former position or transferred to an equivalent position in another department.

So ordered.

CRIST, P.J., and SIMON, J., concur.